# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

BARRY ELLERBEE, :
:
    Plaintiff, :
:
v. : Case No. 5:09-cv-159 (HL)
:
DT CARSON ENTERPRISES, INC., :
a foreign corporation transacting :
business in Georgia, :
COACHWORKS HOLDINGS, INC., :
a Georgia corporation, :
DALE CARSON, individually, and :
TERRI CARSON, individually, :
:
    Defendants. :

## ORDER

This matter is before the Court on the Defendant's Motion to Dismiss (Doc. 17) (the "Motion"). For the following reasons, the Motion is denied.

### I.    FACTUAL BACKGROUND

In July of 2007, Blue Bird Coachworks, Inc. ("Blue Bird") sold its coachworks division to the Defendants Dale Carson, Terri Carson and DT Carson Enterprises, Inc. Dale and Terri Carson incorporated the coachworks division in the state of Georgia and named the new entity Coachworks Holdings, Inc. ("CWH"). The Plaintiff, who had been employed by Blue Bird since 2001, then became an employee of both DT Carson and CWH.

In January 2006, the Plaintiff learned that he had significant liver damage from a prior gallbladder surgery. The Plaintiff was diagnosed with Non-Alcoholic Steatohepatits, a liver disease, and was suffering liver failure. At some point, the Plaintiff informed his supervisors of his condition. In September 2006, the Plaintiff was placed on the liver transport list. His condition subsequently deteriorated and he was hospitalized several times, including time in the intensive care unit, during October, November and December 2007.

Upon his return to his employer in January 2008, the Plaintiff discussed his condition with the director of human resources and suggested that he would be willing to accept an accommodation if the employer wanted him to. Ultimately, the Plaintiff retained his position, but his status was changed from salaried exempt to hourly, non-exempt. From the time he changed status until he was terminated, the Plaintiff routinely worked 8.5 hour days. In his hourly status, he was required to clock-out for his lunch break, but the Plaintiff often remained at his desk and worked through lunch. The Plaintiff alleges that he was not paid for his overtime work.

On April 22, 2008, CWH terminated the Plaintiff's employment. CWH stated that its decision was based on the Plaintiff's unsatisfactory work performance. However, the Plaintiff neither received a negative performance review, nor was subjected to disciplinary action, from 2001

2

when he began his employment with Blue Bird to his termination by CWH in 2008.  In fact, two weeks prior to his termination the Plaintiff was awarded an additional twenty-four hours of paid time off as a performance and attendance bonus.

The termination severely affected the Plaintiff's benefits.  He was unable to afford his COBRA coverage.  As a result, the Plaintiff was placed on Status Seven for transplant, which meant that he was inactivated from the United Network for Organ Sharing transplant waiting list and was prevented from receiving a call should a matched donor organ become available.  Additionally, the Plaintiff had to find new doctors and was required to undergo numerous other tests as a result.

Subsequent to his termination, the Plaintiff was placed into intensive care on August 3, 2008 and had a liver transplant on August 9, 2008.

The Plaintiff filed this action against all Defendants on April 28, 2009.  After various service issues had been resolved, the Defendants DT Carson, Dale Carson and Terri Carson filed their answer on August 25, 2009.  The Plaintiff filed an amended complaint on September 22, and the same Defendants answered on September 28.  CWH, meanwhile, had had an involuntary chapter 7 bankruptcy case filed against it on April 7, 2009, which was converted to a chapter 11 case in July.  On October 19, the bankruptcy court modified the automatic stay to allow this case to proceed for the limited purpose of determining liability. Unlike the other Defendants,

CWH filed this Motion in lieu of an answer. This Court held a hearing on the Motion on April 27, 2010.

## II. DISCUSSION

### A. Standard for Motion to Dismiss

An action may be dismissed under Federal Rule of Civil Procedure 12(b)(6) only "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him . . . to relief." Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). Accordingly, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." Ancata v. Prison Health Svcs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). In deciding a motion to dismiss, this Court "must accept the facts as pleaded to be true and resolve them in the light most favorable to the Plaintiff." Id. at 702.

### B. Americans With Disability Claim

The Plaintiff's first claim for relief is one under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq. In order to prevail on an ADA claim, the Plaintiff must prove that "(1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." Holbrook v. City of Alpharetta, 112, F.3d 1522, 1526 (11th Cir. 1997). To survive a motion to dismiss, the Plaintiff need only to have pled facts that raise these elements, which the Plaintiff here

4

has done. The facts as pled and construed in favor of the Plaintiff show that he was disabled as his liver failure interfered with a major life function, see 42 U.S.C. § 12102(1), and 29 C.F.R. § 1630.2; that he is a qualified individual because, with or without a reasonable accommodation, he was able to perform the essential functions of his position, 42 U.S.C. § 12111(8); and that he was discriminated against because of his disability. Thus, the Plaintiff has met the exceedingly low standard of review on a motion to dismiss; the Motion is denied with regard to the Plaintiff's ADA claim.

**C.     Family Medical Leave Act Claim**

The Plaintiff has also asserted a claim for relief under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2617. At a hearing on the Motion, the Defendant conceded that the FMLA claim is properly before the Court. Thus, the Defendant's Motion to Dismiss the Plaintiff's FMLA claim is denied.

**D.     Employee Retirement Income Security Act Claim**

The Plaintiff has also asserted a claim for relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. Construing the facts in favor of the Plaintiff, the Plaintiff has pled that he was fired so that he could no longer receive insurance benefits under the employer's plan. See 29 U.S.C. § 1140 ("It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate

against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ."). Thus, the Plaintiff has stated an ERISA claim. Therefore, the Motion is denied with regard to that claim.

**E.     Fair Labor Standards Act Claim**

The Plaintiff has also asserted a claim for relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. His claim is that he has not been paid for hours he worked overtime. Construing the facts in favor of the Plaintiff, the Plaintiff has pled facts sufficient to raise the elements of a claim under FLSA: i.e., that he worked overtime hours without compensation; and that the Defendant had knowledge, or should have had knowledge, of the Plaintiff's overtime work. Reich v. Dept.. of Conservation and Natural Resources, Alabama, 28 F.3d 1076, 1081-82 (11th Cir. 1994). The Defendant contends that the Plaintiff must prove that the Defendant knew of the uncompensated overtime, which is not the case. As the Eleventh Circuit stated:

> . . . . The term 'employ' is defined as 'to suffer or permit to work.' 29 U.S.C. § 203(g). The regulations caution that '[w]ork not requested but suffered or permitted is work time.' 29 C.F.R. § 785.11. The reason an employee continues to work beyond his shift is immaterial; if the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted.
> In all such cases, it is the duty of management to exercise its control and see that the work is not performed if it does not want it performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against

6

such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

Id.

The Plaintiff has sufficiently pled facts to raise the elements of his FLSA claim. Therefore, the Motion is denied with regard to the FLSA claim.

**F.     Intentional Infliction of Emotional Distress Claim and Other Torts**

The Plaintiffs remaining claims are claims under Georgia tort law.

*1.     Intentional Infliction of Emotional Distress*

The Plaintiff has asserted a Georgia tort law claim for intentional infliction of emotional distress. The Defendant argued in its brief that, according to Georgia law, the Plaintiff must have suffered an "impact" to pursue an intentional infliction of emotional distress claim. The Plaintiff responded, and the Defendant conceded at the hearing, that an impact is only a requirement for a negligent infliction of emotional distress claim, not an intentional infliction of emotional distress claim.

Moreover, in his complaint, the Plaintiff has pled the necessary elements of an emotional distress claim. The facts construed in favor of the Plaintiff show that the firing was an intentional act which was extreme and outrageous, in that it caused the Plaintiff to be dropped from the transplant list, and that the Plaintiff suffered severe emotional distress as a result. Trimble v. Circuit City Stores, Inc., 220 Ga. App. 498, 499, 469

S.E.2d 776, 778 (1996).  Therefore, the Motion is denied with regard to the Plaintiff's emotional distress claim.

2. *All other torts*

Finally, the Court denies the Defendant's Motion as to the Plaintiff's ratification of wrongful conduct claim and the Plaintiff's wanton and reckless disregard for the Plaintiff's rights under the law claim (the "remaining tort claims").  The Defendant's sole objection to the remaining tort claims is that these claims rely on there having been another tort.  The Defendant argued in its Brief that because the emotional distress claim failed, there was no underlying claim to support the remaining tort claims, which are premised upon the existence of another tort.  Because the Court did not dismiss the emotional distress claim, the Defendant's arguments regarding the remaining tort claims are mooted.  Thus, the Motion is denied as to the remaining tort claims.

### III.   CONCLUSION

For the reasons set out above, the Motion to Dismiss (Doc. 17) is denied.

**SO ORDERED**, this the 19th day of May, 2010.

*s/  Hugh Lawson*
HUGH LAWSON, Senior Judge

jch

8